



FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 OCT -6 AM II: 37
OFFICE OF THE CLERK

# PETITION FOR WRIT OF HABEAS CORPUS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA
Filed Pursuant to 28 U.S.C. § 2254

| PETITIONER: | **Tigue N. Bass IV** |
|---|---|
| V. | |
| RESPONDENT: | **Superintendent Colonel Bryan Waugh** of the **Nebraska State Patrol** and **Attorney General Mike Hilgers** of the **State of Nebraska** for SOR challenge) |
| CASE NO.: $8:25cv599$ | **To be assigned by Federal Court** |
| State Case No.: CR 21-3935 | **CR 21-3935** |

## 1. INTRODUCTION AND JURISDICTION

Petitioner, **Tigue N. Bass IV**, respectfully submits this Petition for Writ of Habeas Corpus pursuant to the Federal Habeas Statute, 28 U.S.C. § 2254, challenging the constitutionality of the judgment of conviction entered on **August 22, 2022**, in the District Court of Douglas County, Nebraska (Case No. **CR 21-3935**). This Court has subject matter jurisdiction over this petition pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

Petitioner is "**in custody**" pursuant to the challenged state court judgment due to the onerous and continuing restraints imposed by the lifetime Sex Offender Registration **(SOR) status**. While some courts have classified mandatory registration as purely "regulatory," the mandatory, pervasive, and severe nature of the Nebraska SOR requirements—including lifetime public dissemination, residency restrictions, and daily limitations on fundamental liberties—**outweighs a mere regulatory status** and **constitutes a significant, punitive** restraint on liberty sufficient to meet the "in custody" requirement under 28 U.S.C. § 2254.

## 2. JUDGMENTS CHALLENGED AND EXHAUSTION

The judgment under challenge resulted from a plea of No Contest entered on **July 5, 2022**, and the subsequent Sentencing Order on **August 22, 2022**, which imposed the requirement of Sex Offender Registration.

**EXHAUSTION:** The general rule for a Federal Writ of Habeas Corpus (§2254) is that the Petitioner must have exhausted all available state remedies first. Petitioner asserts that this requirement has been met. All claims presented herein have been raised through the highest state court available by filing a Motion for Post-Conviction Relief pursuant to Neb. Rev. Stat. §29–3001 *et seq.* and pursuing the matter to the Nebraska Supreme Court.

**Procedural Bar:** Alternatively, this exhaustion requirement is satisfied—or excused—if the petitioner is procedurally barred from further state court relief, either because there is no remaining state process available to correct the constitutional error, or because the state process is ineffective at protecting the applicant's rights. Petitioner asserts that the state remedies are exhausted and that this Court should proceed to the merits of the Petition.

**Supporting Exhibits for Exhaustion:** To demonstrate exhaustion and/or procedural bar, Petitioner relies on the following documents from the state proceedings, which are attached as exhibits.

- **Exhibit A:** Petitioner's Motion to Vacate Order and Judgment in the district court of douglas county nebraska filed on **(7-14-2025)**
- **Exhibit B:** Petitioner's Post-Conviction Relief Motion filed in the district court of douglas county nebraska on **(12-31-2024)**
- **Exhibit C:** The State Court Order denied the Petitioner's Motion To Vacate Order And Judgment and Post Conviction relief in the district court of douglas county nebraska (the order" entered on **(9-12-2025)**

## 3. FACTUAL BASIS AND ALLEGATIONS

**Timeline of Proceedings:**

- **November 10, 2021:** Date Petitioner allegedly began seeking absolute relief/exoneration. ● **July 5, 2022:** Plea Hearing where the No Contest plea was entered. ● **August 22, 2022:** Sentencing Day, where Petitioner was placed on the Sex Offender Registration.

Alleged Coerced Plea and Ineffective Counsel:

Petitioner alleges the plea of No Contest was not voluntary or intelligent due to insufficient evidence supporting the charge and the coercive pressure resulting from the extensive, unnecessary delay in the case proceedings. Petitioner asserts defense counsel failed to adequately assert the right to a speedy trial, violating Petitioner's Sixth Amendment right, and

that the length of the delay and the reasons behind it were detrimental to the defense. Alleged Evidentiary Failures and Judicial Error:

The prosecution allegedly failed to establish the true elements of the crime due to unreliable and inconsistent deposition testimony from the alleged accuser, lacking corroboration. The state court allegedly issued an improper ruling by failing to follow the mandatory Nebraska corroboration standard (a critical safeguard in sex offense cases), and improperly admitted evidence whose probative value was outweighed by unfair prejudice (defined as an undue tendency to suggest a decision based on an improper basis, State v. Canbaz, 259 Neb. 583, 611 N.W.2d 395 (2000)).

The state court allegedly failed to follow the plain language requiring consideration of expert evidence when determining sexually violent offender status, as established in state case law (State v. Rodriguez, 11 Neb. App. 819, 660 N.W.2d 901 (2003)). Ongoing Harm from SOR:

The mandatory public SOR status, resulting from the constitutionally flawed conviction, causes severe and continuous non-economic damages, including demonstrable harm to well-being, long-term unemployment, and profound social stigma. The registration severely restricts housing options, leads to community ostracism, social isolation, and harassment, constituting an ongoing punishment that violates the Eighth Amendment.

## 4. GROUNDS FOR RELIEF (Constitutional Violations)

Petitioner asserts the judgment of conviction must be vacated because it was obtained in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**GROUND ONE:** VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS **(INEFFECTIVE ASSISTANCE** OF COUNSEL AND **INVOLUNTARY PLEA)**
The plea of No Contest entered on July 5, 2022, was coerced, involuntary, and unintelligent because it was rendered under the pressure of extensive delay resulting from ineffective assistance of counsel who failed to assert the right to a speedy trial, and was based on legally insufficient evidence.

**GROUND TWO:** VIOLATION OF FOURTEENTH AMENDMENT **(DUE PROCESS - JUDICIAL ERROR** AND **INSUFFICIENT EVIDENCE)**
The State Court committed an abuse of discretion and a violation of Due Process by failing to adhere to mandatory state evidentiary standards, specifically the corroboration requirement for sex offense cases and the rules of evidence (§§ 27-401, 27-402, 27-403) resulting in a

conviction based on legally insufficient evidence.

**GROUND THREE:** VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS **(CRUEL AND UNUSUAL PUNISHMENT / DUE PROCESS)**
The imposition of the Sex Offender Registration (SOR) requirement, tied to a constitutionally flawed conviction, constitutes a perpetual violation of the Petitioner's due process rights and subjects the Petitioner to cruel and unusual punishment.

# 5. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the judgment of conviction entered against the Petitioner, **Tigue N. Bass IV**, should be vacated. The state court proceedings resulted in a decision that was **contrary to, or involved an unreasonable application of, clearly established Federal law**, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**WHEREFORE, Petitioner Tigue N. Bass IV prays for the following relief:**

1. **Issue a Writ of Habeas Corpus** to review the lawfulness of the Petitioner's detention and restraints.
2. **VACATE and SET ASIDE** the August 22, 2022, judgment of conviction due to constitutional violations.
3. **Order the immediate REMOVAL** of the Petitioner from the Sex Offender Registry and restore all constitutional rights.
4. Grant any and all **further just and equitable relief.**

Submitted By

P.O Box 12001

Omaha,Ne 68112

The information above is to be sworn with the best of the Petitioner Tigue Bass's knowledge to be stated as true on this __3rd__ day of __October__ 20 __25__

IN THE DISTRICT COURT OF DOUGLAS
COUNTY NEBRASKA

| | | |
|---|---|---|
| State of Nebraska | ) | Case No. CR <u>213935</u> |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| VS | ) | MOTION TO VACATE |
| | ) | ORDER AND JUDGMENT |
| | ) | |
| Tigue N Bass IV | ) | |
| Defendant | ) | |
| | ) | |

IN THIS MATTER before the court with this motion to vacate order and judgment in pursuant to the <u>Neb.Rev.St</u> § 25-2001 et Seq. The inherent power of the district court to vacate order and judgment pertained to the official record document and clearly established factual basis defense on the merits.

The Defendant states as follows with fact and law.

(A) 1. The Defendant's attorney James Regan did not analyze or declare evidence to be less probable from the alleged accuser's inconsistent deposition testimony and violated the Nebraska state constitution not following statutory requirements of the <u>Neb.Rev.St</u> § 401 et Seq. Relevant evidence defined from hearsay evidence with no accurate corroboration as unsworn evidence excluded from the code rules of privilege including unlawfully obtained

1 of 4



evidence by the Omaha police officer such evidence is inadmissible.

The defendant turned himself in to exercise his constitutional rights to presume legal innocence on 11-10-2021.

(B) 2. The defendant attorney showed negligence not moving quick enough for the defendants absolute discharge within 6 months on speedy trial requirements , grounds and violated the defendant's § Sixth Amendment constitutional right ineffective assistance of counsel and due process rights under the § Fourteenth Amendment constitutional right and equal protection of the law from 11-10-2021 . 7-5-2022 and 8-22-2022.

To calculate the deadline for trial under the speedy trial statutes a court must exclude the day the state filed the information. State v Liming .306 Neb. 475. 945 N . W.2d 882 (2020).

(C) 3. The defendant attorney James Regan coerced the defendant into a plea of no contest of inaccurate statements of irrelevant evidence that was not an intelligent decision and the attorney also mentioned a trial would not be won which the attorney violated the state constitution not following statutory requirements of the Neb.Rev.St § 410 et Seq. inadmissible plea of no contest taken under false prejudgment.

The deputy douglas county attorney and the state of nebraska was deliberately indifferent to the abuse of discretion by the douglas county district court , malicious abuse of process and malicious prosecution and liable to the defendants § Eighth Amendment violation undue prejudice and § Fourteenth Amendment violation deprivation of liberty an violation of equal protection of the law cause of wrongful imprisonment , unlawful conviction.

(D) The prosecutor and judge made inaccurate statements of irrelevant evidence during the defendants plea hearing on 7-5-2022 and sentencing day on 8-22-2022 with the attorney James Regan that mentioned the first 30 day appeal would be useless which is another reason why the attorney was ineffective.

The application of a multi factor balancing test in which prejudice to the defendant is one of the factors . see State v Brown . 310 Neb. 224 964 N.W.2d 682 (2021).

The defendant states the following reasons for motion to vacate order and judgment.

(E) 4. Newly discovered evidence , the question of law and the defendants official record applicable for pretrials to be a circumstantially prejudicial plain error that could not be remedied or instructed to be a disregarded therefore further evidentiary error.

(F) The improper ruling affected the defendant's substantial rights and had more than a slight influence on the verdict.

The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. (Talkington v . Womens Servs . 256 Neb. 2 . 588 N .W.2d 790 (1999).

The hypothetical question of principle and reason.

(G) 5. The Douglas county district court judge applicable to grant motion to vacate order and judgment with prejudice appropriately withdrawing inadmissible plea of no contest from the clearly established factual basis existing document meritorious defense on the merits.

The hypothetical question arriving at common law judgment non obstante veredicto is rendered when the plea confesses the course of action relied upon in avoidance is insufficient.

The judgment notwithstanding the verdict circumstantially the verdict not supporting the plaintiffs pleading of the courts propriety move to judgement on the acquittal judgment notwithstanding the contrary meritorious trial by record to the verdict.

The Neb.Rev.St § 410 et Seq. Inadmissible plea of no contest . insufficient evidence and violations of due process applicable for the judgment as a matter of law therefore further jurisdiction to be judicially noticed under the golden rule.

The determination of which statute of limitations applies is a question of law (Lindner v Kindig. 293 Neb. 661 881 N.W.2d 579 (2016).

THEREFORE The defendant Tigue Bass prays for

extraordinary relief.

(A) Copies of this legal document has also been sent the the following address of the parties pertained in this case.

(B) Clerk of the Douglas County District Court 1701 Farnam Omaha , Ne 68183

© Douglas County Attorney Criminal Division 1701 Farnam ST Hall of Justice Ste #100 Omaha, Ne 68183

Submitted By

_____

P.O Box 12001

Omaha , Ne

68112

The information above is to be sworn with the best of the defendant Tigue Bass knowledge to be stated as true on this _____ day of _____ 20____

4 of 4

# IN THE DISTRICT COURT OF DOUGLAS
## COUNTY NEBRASKA

State of Nebraska
Plaintiff

Case 213935

vs

## MOTION FOR POST
## CONVICTION RELIEF

Tigue  N  Bass IV
Defendant

 

Comes Now Attention to the douglas county district court an Pursuant to the Neb. Rev. St §29-3001et. Seq. post conviction on relief from the defendant Tigue Bass giving attention to the district court could not have determined the indictment when taken together with bill of particulers and the defendant violation of due process rights under the § Fourteeth Amendment on a motion for post conviction relief required on a appropriate motion containing factal fales allegation which if proved constitute on infringement of the movest rights void or voidable under the state of federal constitution.

Defendant States as follows with fact and law

1 (A) The attorney James Regan was ineffective for not moving quick enough within 6 months for the defendants absolute discharge on speedy trial grounds which the attorney James Regan is in violation of the defendants 6th amendment right and is the cause of a ineffective counsel.

Exhibit B

(B) The attorney James Regan also violated the defendant Tique Bass's due process rights under the 14th amendment in the defendants complete case file obtained by the douglas county district court

(C) The defendant Tique Bass filed a motion to dissmiss on speedy trial grounds without the attorney James Regan which showed signs of negligence with no guidance or support wile the defendant being vulnerable in Douglas County Corrections custody.

(D) The attorney James Regan made claims to the defendant the douglas county district Judge did not recieve the motion to dismiss from the clerk of douglas county district court and was sent back to the attorney James Regan.

(E) The hypothetical possibility from the specific circumstance according in (D) is the clerk of douglas county district court displayed disruptive conduct disobaying statutory requirements not sending the dilengent motion to dismiss to the douglas county district Judge delaying the defendants absolute discharge on speedy trial grounds.

The defendant states the following reasons for post conviction relief.

REASON 1 The Omaha Police Officers under the Omaha Police Department did not testify under oath or affirmation to support probable cause and could not match the corroboration from hearsay evidence.

The alleged defendant Tique Bass turned his self in with out a warrent on 11-10-21 to exercise his constitutional rights to presume legal innocence.

The omaha police officers are in violation of the alleged defendant Tique Bass's 4th amendment right (The right of people to be secure in their persons, house, papers and effect against unreasonable searches and seizures shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the persons or thing to be seized.

REASON 2. The alleged defendant Tique Bass dna was obtained illegaly as tainted evidence before the defendants arraignment by officers and was not volintary and made under coerion which the defendants due process rights under the 14th amendment were violated also the police officers obtaining the defendants dna with out a warrant using a invalid affidavit as a sign of corruption and abuse of process by the Omaha police officers obtaining the defendants dna illegaly under coercion.

nor shall any state deprive any person of life liberty or property without due process of the law.

REASON 3. The alleged accuser's deposition is also a violation of the defendants due process rights under the 14th amendment which established legal insuffiency.

According to the rules of evidence the alleged accusers statements from hearsay evidence the hearsay is not subject to any exceptions especialy in the alleged accusers deposition being inconsistent showing memory laps as a major concern on the alleged accusers character not showing credibility.

REASON 4. The multiple violations of the defendants 6th 14th 4th amendment rights including abuse of process and the corruption by the omaha police officers followed by legal insufficiency and insufficent evidence from the factual basis. The attorney James Regan mentioned to the defendant a trial would not be won and influenced the defendant Tigue Bass to make inaccurate irrelevant statements to encourge the defendant to enter in a plea of no contest under coerion

The plea of no contest was not volintarily made and taken illegaly under fales prejudgment the defendant entering a plea was not a intellegent decision and is a cause of a invailed plea.

REASON 5. The defendant's attorney James Regan was also ineffective for not objecting to the prosecutor's inaccurate statements of irrelevant evidence which also violated the defendant's _Tigue   Bass_ due process rights under the 14th amendment during the defendants plea hearing that place on 7-5-22 as a result of 8 months within the defendants incarceration.

REASON 6. The attorney James Regan became continuously ineffective for not objecting to the Judge and prosecutor's inaccurate statements of irrelevant evidence during the defendants sentencing day that took place on 8-22-22 which violated the defendant _Tigue Bass_ due process rights under the 14th amendment. The attorney James Regan mentioned to the defendant he would not win the 30 day direct appeal after sentencing misleading the defendant according to the facts and law in this motion for post conviction relief therefore the attorney James Regan violating the defendant _Tigue   Bass_ 6th amendment right and is the cause of a ineffective counsel

THEREFORE The defendant <u>Tigue N Bass IV</u> prays for relief.

1.(A) Copies of this legal document has also been sent to the following addresses Therefore Motion for Post Conviction Relief

(B) U.S District Court 111 S 18th Plz 1152 Omaha, NE 68102

(C) Clerk of The Douglas County District Court 1701 Farnam St Omaha, NE 68183

(D) Douglas County Attorney Criminal Division 1701 Farnam St Hall of Justice Ste #100 Omaha, NE 68183

Submitted By

_____

P.O Box 11099
Omaha, Ne 68110

The information above is to be sworn with the best of the defendant _____ _____ knowledge to be stated as true on this _____ day of _____ 20 _____

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | CR 21-3935 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TIGUE N. BASS IV, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
#21
District Court
DOUGLAS COUNTY, NEBRASKA

SEP 1 2 2025

CLERK DISTRICT COURT

M00049723D01

This matter came on for hearing on February 13, 2025, on the Court's Order for a pretrial hearing as to the Defendant's Motion for Postconviction Relief.  Defendant appeared by telephone, and Jennifer Meckna appeared for the State of Nebraska.  The State had filed its Motion to Dismiss the Defendant's Motion for Postconviction Relief and the Defendant was granted thirty days to respond to this Motion.  The Court advised the Defendant that if he needed additional time in which to respond, the Court would grant him that time if he so requested.

On May 2, 2025, this matter came on for further hearing as to the State's Motion to Dismiss and whether the Court had received all the briefs in this matter.  The parties advised that each had submitted their briefs.  As such, this matter was taken under advisement.

On August 27, 2025, this matter came on for further hearing on the Defendant's Motion to Vacate the Judgment and Order of this Court and to Vacate the Requirement of that the Defendant must register as a sex offender pursuant to this Court's sentence of the Defendant on August 22, 2022.  Argument received and these matters were taken under advisement.

This Court being advised in the premises, hereinafter sets forth its findings and analysis.

**BACKGROUND**

The Defendant entered a plea of no contest to the charge of First Degree Sexual Assault, a Class II Felony, on August 22, 2022.  This plea was



accepted, the Defendant was adjudged guilty, and the Defendant was sentenced to incarceration in the Nebraska Department of Corrections for four (4) to seven (7) years. In addition, the Defendant was required to register as a sex offender for his life. The Defendant did not appeal this conviction or sentence. Thereafter, the Defendant filed his current Motion for Postconviction Relief on December 31, 2024. The State then filed it Motion Dismiss asserting that the Defendant filed his Motion for Postconviction relief outside the one year time limit.

On August 27, 2025, this matter came on for further hearing on the Defendant's Motion to Vacate the Judgment and Order of this Court and to Vacate the Requirement of that the Defendant must register as a sex offender pursuant to this Court's sentence of the Defendant on August 22, 2022. Argument received and these matters were taken under advisement.

## STANDARD OF REVIEW

*Neb. Rev. Stat.* § 29-3001 entitles a prisoner to an evidentiary hearing on a claim for postconviction relief, unless "the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief." In order to be entitled to an evidentiary hearing, a prisoner must allege facts in the motion for postconviction relief that, if proved, would constitute a violation of his or her rights under the U.S. or Nebraska Constitution. *State v. Tyler*, 918 N.W.2d 306, 3 16, 301 Neb. 365, 375 (Neb. 2018). A prisoner is not entitled to an evidentiary hearing on the basis of claims that present only conclusory statements of law or fact. *Id.* In the absence of alleged facts that would render the judgment void or voidable, the proper course is to dismiss the motion for postconviction relief for failure to state a claim. *Id*

A motion for postconviction relief is not a substitute for an appeal. *Id.* Therefore, a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal; such issues are procedurally barred. *Id.*

2

As to the Defendant's Motion to Vacate the Judgment, *Neb. Rev. Stat.* §25-2001(4) states:

> A district court may vacate or modify it own judgments or orders
> after the term at which such judgments or orders were made (a)
> for mistake, neglect or omission of the clerk, or irregularity in
> obtaining a judgment or order; (b) for fraud practice by the
> successful party in obtaining the judgment or order; (c) for newly
> discovered material evidence which could neither have been
> discovered with reasonable diligence before trial nor have been
> discovered with reasonable diligence in time to move for a new
> trial; (d) for erroneous proceedings against an infant or person of
> unsound mind if the condition of such defendant does not
> appear4 in the record of the proceedings; (e) for the death of one
> of the parties before the judgment in the action; (f) for
> unavoidable casualty or misfortune, preventing the party from
> prosecuting or defending; and (g) for taking judgments upon
> warrants of attorney for more than was due to the plaintiff when
> the defendant was not summoned or otherwise legally notified of
> the time and place of taking such judgments.

As to the Sex Offender Registration Act, any person who has been
conviction of first degree sexual assault is required to register as a sex offender
for a lifetime.  *Neb. Rev. Stat.* §§ 29-4001 et al.

## ANALYSIS

### Motion for Postconviction Relief.

The Defendant relies on *Neb. Rev. Stat.* § 29-3001(4), the Postconviction
Act, in support of his motion for postconviction relief.  *Neb. Rev. Stat.* § 29-
3001(4) was amended to include a limitation period for filing postconviction
relief motions:

(4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

The Defendant entered his plea on July 5, 2022 and was subsequently sentenced on August 22, 2022. The Defendant did not seek a direct appeal, so his time to file one expired 30 days later, which was September 22, 2022. If the Defendant wanted to file a motion for postconviction relief, he had until September 22, 2023. The Defendant's current Motion for Postconviction relief was filed on December 31, 2024, which is well pass the one year limit as provided by *Neb. Rev. Stat.* §29-3001(4).

Therefore, the Defendant's current motion is barred by the limitation period pursuant to *Neb. Rev. Stat.* § 29-3001(4)(a). *State v. Conn*, 300 Neb. 391 (2018) (holding defendant's motion for postconviction was barred by the one-year limitation period); *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015) ("Huggins did not file his postconviction motion within one year after the date of the mandate, and therefore he did not timely files under §29-3001(4)(a)"); *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013) (dismissing postconviction motion filed one day outside statute of limitations).

The Defendant previously filed a document he titled "Motion with Intention on Postconviction Relief and Further Appeal" on August 21, 2023. On September 19, 2023, this Court denied the Defendant's Motion for Intention on Postconviction Relief and Further Appeal, as well as a Motion to Quash and a Motion to Compel the Defendant had filed contemporaneously.

If this was a Motion for Postconviction Relief, this Motion was denied. The Defendant then had 30 days thereafter to appeal that Order of Dismissal. There was no appeal filed. A defendant is only entitled to bring one motion for postconviction relief unless the second proceeding for postconviction relief

4

relies on grounds that did not exist at the time the first motion was filed. *State v. Hessler*, 288 Neb. 670 (2014). This was not the case in this matter.

If the first time Defendant filed his Motion for Postconviction Relief was on December 31, 2024, then the one year period expired and the Defendant's Motion must be dismissed.

If the Defendant first file his Motion for Postconviction Relief on August 21, 2023, his Motion would be filed in time. However, this Motion was dismissed by the Court on September 19, 2023. Since this was never appealed, this Order was final. If the Defendant wanted to file a Second Motion for Postconviction Relief, he failed to allege any grounds, law, or facts that did not exist at the time the first motion was filed. As such, his Motion would fail for these reasons.

**Motion to Vacate Judgment**.

The basis for the Defendant's Motion to Vacate are that his attorney did not properly analyze the evidence, was negligent in not moving for a discharge because of speedy trial rule, that he coerced the Defendant in entering his plea of no contest, and improperly persuaded the Defendant not to appeal. In addition, the Defendant asserts that there is newly discovered evidence.

Any complaint of ineffective assistance of counsel is properly left for an appeal or a motion for postconviction relief. Defendant failed to appeal and timely file his Motion for Postconviction Relief. The Defendant does not get multiple "bites at the apple". The basis for a motion to vacate in a criminal matter such as this is the province of a motion for postconviction relief. As such, the Defendant's Motion to Vacated is denied.

**Motion to Vacate Sex Offender Registration Requirements.**

In this motion, the Defendant is requesting that this Court remove the requirement that Defendant register as a sex offender. The Defendant asserts that this registration violates his due process rights as he has already served his incarceration and re-alleges that his attorney was negligent in his representation of the Defendant. This Court hereby denies this Motion as this

5

Court does not have the authority to remove this statutory requirement as required by *Neb. Rev. Stat.* §29-4001 et seq.

## CONCLUSION

The Defendant's current Postconviction Motion is barred by the limitations period in *Neb. Rev. Stat.* §29-3001. Further, the Defendant's Motion is also procedurally barred as a successive because motion his claims do not fall within the two exceptions to the successive motion procedural bar. In addition, the Defendant's Motion to Vacate the Judgment and Sex Offender Registration Requirement are also denied for the reasons set forth above. Therefore, this Court hereby sustains the State's Motion to Dismiss, overrules the Defendant's Motion to Vacate the Judgement, and overrules the Defendant's Motion to Vacate Sex Offender Registration Requirement. This matter is hereby dismissed.

IT IS SO ORDERED.

DATED this 12th day of September, 2025.

BY THE COURT:

Hon. Peter C. Bataillon

cc: Jennifer Meckna, Esq.
    Tigue N. Bass IV

Tigue N Bass IV

P.O Box 12001

Omaha, Nebraska 68112

Phone Number: N/A or Inmate ID Number: N/A Released

Date of Filing  *October 3, 2025*

The Clerk of Court
United States District Court for the District of Nebraska
Clerk's Office Address - e.g., Roman L. Hruska Courthouse, 111 South 18th Plaza, Suite 1152,
Omaha, NE 68102
**SUBJECT: Submission of Filing Fee for Petition for Writ of Habeas Corpus (28 U.S.C.
§2254)**

Dear Clerk of Court:

Enclosed please find a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254, challenging
my state court conviction and resulting restraints, including the Sex Offender Registration
requirement.

I am also enclosing a payment of **$$5.00** to cover the required filing fee for this action.

- **Petitioner:** Tigue N. Bass IV
- **State Case No.:** CR 21-3935

Please file the enclosed documents and provide me with a conformed copy showing the
assigned Federal Case Number.

Thank you for your assistance.

Sincerely,

**Tigue N. Bass IV**

**Enclosures:**

1. Petition for Writ of Habeas Corpus
2. Payment of $5.00 (Check, Money Order, or other acceptable form)

**RECEIVED**

OCT - 6 2025

CLERK
**U.S. DISTRICT COURT**

1 of 1

Tigue Bass
P.O Box 12001
Omaha, Nebraska 68112

United States District Court
111 South 18st Plaza. Suite
Omaha. NE 68102

**RECEIVED**

OCT - 6 2025

CLERK
U.S. DISTRICT COURT