IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIGUE N. BASS, IV, <br><br> Petitioner, <br><br> vs. <br><br> BRYAN WAUGH, Superintendent Colonel of the Nebraska State Patrol; and MIKE HILGERS, Attorney General of the State of Nebraska; <br><br> Respondents. | 8:25CV599 <br><br> MEMORANDUM AND ORDER |

    This matter is before the Court on preliminary review of Petitioner Tigue N. Bass, IV's" ("Bass") Petition for a Writ of Habeas Corpus, Filing No. 1, filed on October 6, 2025. Bass was convicted on a charge of First Degree sexual assault, a Class II Felony. His sentencing order, entered on August 22, 2022, imposed a four to seven-year term of imprisonment and the requirement to register as a sex offender. Plaintiff has served his prison sentence, and was released on May 11, 2025,[1] before his federal habeas petition was filed.

    In his habeas petition, Plaintiff claims he remains "in custody . . . due to the onerous and continuing restraints imposed by the lifetime Sex Offender Registration (SOR) status." Filing No. 1 at 1. The requirement to register as a sex offender is not considered "in custody" for the purposes of requesting federal habeas relief. *Fulkerson v. Ricketts*, No. 4:22CV3162, 2023 WL 1868888, at *2 (D. Neb. Jan. 3, 2023). If the registration requirement is Bass'

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records).

sole basis for requesting habeas relief, this Court lacks subject matter jurisdiction.

A party filing an action in federal court must allege facts showing the existence of federal subject matter jurisdiction. Bass' habeas petition fails to do so, but rather than dismissing it at this time, the Court will afford Bass an opportunity to file an amended petition.

IT IS THEREFORE ORDERED:

1. Petitioner shall have until **November 19, 2025**, to file an amended petition. The amended petition will replace, not supplement, his current petition, and it must provide a factual basis for this Court to exercise federal subject matter jurisdiction. Failure to file an amended petition within the time specified by the Court will result in dismissal of this case without further notice.

2. The Court reserves the right to conduct a further preliminary review of any amended petition filed.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November19, 2025**: check for amended petition."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Petitioner shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 20th day of October, 2025.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge