IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIGUE N. BASS IV, <br><br> Petitioner, <br><br> vs. <br><br> BRYAN WAUGH, Superintendent Colonel of the Nebraska State Patrol; <br><br> Respondent. | 8:25CV599 <br><br> **MEMORANDUM AND ORDER** |

On October 6, 2025, Petitioner Tigue N. Bass IV filed a Petition for Writ of Habeas Corpus. Filing No. 1. Upon preliminary review, the Court concluded it lacked jurisdiction to consider the petition. As the Court explained, Petitioner was released from custody in May of 2025, and while he remained obligated to register as a sex offender, the requirement to register as a sex offender is not considered "in custody" for the purposes of requesting federal habeas relief. *Fulkerson v. Ricketts*, No. 4:22CV3162, 2023 WL 1868888, at *2 (D. Neb. Jan. 3, 2023). The Court explained that if the sex offender registration requirement was Petitioner's sole basis for claiming he was "in custody," the Court cannot consider his habeas petition. Petitioner was granted leave to file an amended petition. Filing No. 3.

The amended petition was timely filed on November 14, 2025, naming Colonel Bryan D. Waugh, Superintendent, Nebraska State Patrol as the respondent. Filing No. 5. The amended petition confirms that Petitioner was discharged from custody on May 11, 2025. Filing No. 5 at 13. Petitioner again

asks this Court to set aside his "unlawful No Contest Conviction for First Degree Sexual Assault" and remove the sex offender registry requirement from his sentence. Filing No. 5 at 3.

As explained in *Fulkerson*, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The requirement to register as a sex offender is a collateral consequence of a conviction, and it does not satisfy 28 U.S.C. § 2254's requirement that the petitioner be "in custody" at the time he files a habeas petition. *Fulkerson*, 2023 WL 1868888, at *2 (collecting cases).

Since Petitioner is not in custody, this Court cannot consider his habeas petition, and his request for federal habeas relief must be dismissed.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner Tigue N. Bass IV's Petition for Writ of Habeas Corpus is dismissed without prejudice for lack of jurisdiction.

2. The Court will not issue a certificate of appealability in this matter.

3. The Court will enter a separate judgment.

4. The petitioner's motion for leave to amend his complaint, Filing No. 4, is denied as moot.

Dated this 26th day of November, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge